Bell, J.
This is an action in partition brought by plaintiff against defendant alleging that they are tenants in common of the property described in the petition.
The defendant has filed an answer and cross-petition, by the cross-petition the defendant seeks to engraft a trust on a deed absolute on its face.
The facts are substantially as follows:
Plaintiff and defendant at the time the property was purchased were husband and wife, and the property was purchased out of the earnings of the husband after the marriage. Two children were born of the marriage, and the husband and wife, so far as disclosed, continued to live happily together for a number of years after the purchase *512 of the property. The wife subsequently became interested in another man, left her home and brought an action for divorce which was contested by the husband, a decree was granted him reciting that the wife had been guilty of gross neglect of duty.
No disposition was made by the court of the property rights in the divorce proceeding. At the time of the filing of the divorce, or during the pendency thereof, this action for partition was brought.
The testimony of the plaintiff is that at the time this property was purchased, and the deed taken in the joint names of the parties, there was no conversation whatsoever with regard to any trust, nor was there any conversation from which the court could hold that a trust resulted. The testimony of the husband is, that at the time of the transfer he said to her that “both of us are to have the use of this property until we die, and then our children are to get it.” The court cannot, assuming that his testimony be a true version of the situation, conclude that that is sufficient to establish a trust.
The general argument of the defendant would seem to be to the effect that because the wife violated her marital relation and left her home and children for another man, this court should declare her not to be entitled to any interest in this real estate. Any neglect of duty of which the wife may have been guilty occurring years after the acquisition of the property can not be a controlling factor in determining the case.
The defendant has failed to show by clear and convincing evidence that plaintiff held this title as trustee.
A decree may be drawn accordingly.